[Civ. No. 8557.   Third Dist.   Oct. 27, 1955.]

ALASKA PACKERS ASSOCIATION (a Corporation), Respondent, v. STATE OF CALIFORNIA et al., Appellants.

Edmund G. Brown, Attorney General, James E. Sabine and Irving H. Perluss, Assistant Attorney General, and Charles J. Miller, Deputy Attorney General, for Appellants.

Lillick, Geary, Olson, Adams & Charles, Harry L. Haehl, Jr., and Gary J. Torre, for Respondent.

FINLEY, J. pro tem.*—This is a companion case to *Matson Navigation Co.* v. *State Board of Equalization, ante,* p. 577 [289 P.2d 73]. In both cases the State of California levied and collected a tax on the sale and transfer to aliens of a seagoing vessel destined for use in foreign trade. The tax was paid under protest and a claim for refund was filed within the appropriate time. Appellant board denied the claim and suit was instituted to recover the tax paid. Judgment in the trial court was for plaintiff, and defendants appealed.    The question common to both cases is whether the sale to an alien purchaser of an ocean-going passenger vessel docked in a California port is a transaction exempt from sales tax by virtue of the import-export clause of the United States Constitution, article I, section 10, clause 2. The occasional sale issue raised in the Matson Navigation Company case is not involved here.

The facts which are not disputed are as follows:   On

*Assigned by Chairman of Judicial Council.

December 5, 1946, in New York City, plaintiff and the Government of Yugoslavia entered into a written contract for the future sale of plaintiff's vessel, the S. S. Chirikof, which had an American registry and home port at San Francisco, California. This contract was made conditional upon the cancellation of the United States registry and subsequent registration of the vessel under the laws of Yugoslavia.

Application for approval having been filed by plaintiff, the United States Maritime Commission on January 7, 1947, approved the sale. On January 20, 1947, in the Yugoslav Embassy in Washington, D. C., plaintiff delivered the certificate of ownership, Transfer Order No. C-4874 of the Maritime Commission, and bill of sale transferring title from it to the Government of Yugoslavia. The S. S. Chirikof was accepted by Yugoslavia in an "as is, where is" condition at Alameda, California. On January 22, 1947, pursuant to the Transfer Order, the vessel was registered under the laws and flag of Yugoslavia as the S. S. Radnik. On January 23, 1947, the permanent United States registry was surrendered to and cancelled by the Collector of Customs at San Francisco. On January 23, 1947, the Yugoslav flag was raised and a crew of Yugoslav nationals was placed aboard the vessel, preparatory to its departure. On January 29, 1947, a verified export declaration assigning Dubronik or Fiume as the destination of the vessel was filed with the Collector of Customs in San Francisco. Clearance for sailing was obtained on that day, and the vessel departed without cargo or passengers for Yugoslavia. The vessel at no time after transfer of possession to Yugoslavia was operated in the waters of the State of California, except as was necessary for its departure from San Francisco Harbor for Yugoslavia.

Inasmuch as the same discusison and reasoning would apply here as in the Matson Navigation Company case, reference is hereby made to the opinion in that case. Our decision here is the same. We hold that sale of the S. S. Chirikof was an export transaction and sale and therefore under the provisions of article I, section 10, clause 2, of the United States Constitution exempt from the California sales tax.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 21, 1955. Edmonds, J., and Carter, J., were of the opinion that the petition should be granted.